PROVOSTY, J.
This case is here on an opposition to the final account of the executrix, and also on a rule to destitute her and have her condemned to pay damages as for having failed to deposit the funds of the succession in bank and for having paid out money and sold property of the succession without an order of court. The executrix is the second wife and surviving widow of the deceased. The opponents are the two children of the first marriage.
The opposition has been settled amicably, except on one point, namely: How much was the separate property of the deceased enhanced in value as the result of expenses incurred upon it out of the funds of the first community?
The opponents claim $800 or $1,000. As we read the testimony, the improvements that were added during the first community only cost $400.
The money which the executrix failed to deposit was $25, which was in the house, in cash, at the death of her husband, and $1,510, which was in bank.
She had a right to keep the $25 for current expenses.
She kept the $1,516, because she understood, and was advised by her then counsel, that it belonged to her by manual gift from her husband. Upon being better advised, she promptly deposited the money. It was simply an honest mistake on her part, and not such conduct, therefore, as would merit the penalties of destitution and damages.
The charge of having sold property of the succession without an order of court is founded on the fact that she did not close, but kept open, a little grocery, with a stock of goods of about $100, which her husband had been conducting. She did so with the express consent of plaintiffs in rule and the implied consent of all others. The grocery was so small an affair that to have incurred court costs with reference to it would hardly have been justified, and yet evidently the wise thing to do was to continue it.
Judgment affirmed.